FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2011 APR 11   PM 3: 22

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
[illegible]

NORMAN HOEWISCHER, individually,

Plaintiff,

v.

DEERWOOD VILLAGE MALL, LLC, a Florida limited liability company,

Defendant.

Case No.

3:11-cv-342-J-12TEM

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, NORMAN HOEWISCHER, individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, DEERWOOD VILLAGE MALL, LLC, a Florida limited liability company, (sometimes referred to as "Defendant"), for Injunctive Relief and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff is a Florida resident, lives in Duval County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is bound to ambulate in a wheelchair.

2. Defendant's property, Deerwood Village Mall, 9846 Baymeadows Rd., Jacksonville, FL 32256, is located in the County of Duval.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Deerwood Village Mall, 9846 Baymeadows Rd., Jacksonville, FL 32256.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Deerwood Village Mall not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Deerwood Village Mall has shown that violations exist. These violations include, but are not limited to:

**Parking**

1. There is not at least one accessible route complying with ADAAG 4.3. A route is not provided within the boundary of the site from public transportation stops, public streets or sidewalks to an accessible building entrance which is in violation of ADAAG 4.1.2.1.

2. The route from the accessible parking spaces building do not have level landings at top and bottom of the entrance ramp in violation of ADAAG 4.8.

3. There is a change of level exceeding 1/4" from the ramp to the to the existing

entrance in violation of ADAAG 4.5.2.

4. The ramps project to the access aisles of the accessible parking spaces in violation of ADAAG 4.6.

5. The accessible parking spaces are not properly designed as per ADAAG 4.1 and 4.6.

6. There is an insufficient amount of accessible parking spaces provided at the site in violation of ADAAG 4.1.

**Entrance Access and Path of Travel interior**

7. There are doors in the facility which are not automatic or power assisted and do not have maneuvering spaces for relative direction in violation of ADAAG 4.13.6.

8. There are doors in the facility that have door closers which are adjusted so that, from an open position of 70 degrees, do not close less than 3 seconds to 3 inches of the door latch.

9. The public accommodation facility has not made reasonable modifications in policies, practices or procedures where necessary to afford goods services facilities, privileges, and advantages, including the installation of movable tables, in violation of Section 36.302 28 CFR Part 36.

10. The counters where services are provided are above 36" in violation of ADAAG 7.2.

11. There are fixed tables where food is consumed of which at least 5 percent are not accessible per ADAAG 5.1.

**Access to Goods and Services Restroom**

12. There are permanently designated interior and exterior spaces without proper signage in violation of ADAAG 4.15.

13. Restrooms for public use at the facility are without the required disabled use elements, in violation of several Sections of the ADAAG.

14. Signs which designate permanent rooms and spaces have no braille nor do they protrude 1/32" in violation of ADAAG 4.30.4, 4.30.5 and 4.30.6.

15. Signage finish and contrast are in violation of ADAAG 4.30.5.

16. Signage is improperly mounted and does not allow a person within 3" of the door without encountering the swing of the door in violation of ADAAG 4.30.6.

17. Doors are not automatic or power assisted and do not have the maneuvering space for relative direction in violation of ADAAG 4.13.6.

18. When the doors to the toilet room open 90 degrees, the clear opening width is not 32" clear from the stall to the face of the door which is inhibited by the vanity in violation of ADAAG 4.13.5.

19. The paper towel dispenser is located above the reach range in violation of ADAAG 4.27.3.

20. There is not clear floor space at least 30" x 48" in front of the lavatory allowing for a forward approach in violation of ADAAG 4.19.3, 4.2.4

21. The toilet paper dispenser is located beyond the 36" requirement from the rear wall in violation of ADAAG 4 Figure 29.

22. The flush controls are not mounted on the wide side of the toilet where the clear floor space is provided in violation of ADAAG 4.16.5, 4.27.4.

23. Grab bars installed in bathroom stalls do not comply with ADAAG 4.26.2, 4.26.3, 4.26.4.

24. The lavatory in the restroom does not meet the requirements of ADAAG 4.19.

25. Toe and knee clearance of the lavatory do not comply with ADAAG 4.19.2.

26. There is no clear floor space of at least 30" x 48" in front of the lavatory which would allow for a forward approach in violation of ADAAG 4.19.3, 4.2.4.

27. The hot water pipes and drain pipes are not insulated or otherwise configured to protect against contact in violation of ADAAG 4.19.4.

28. The faucet cannot be operated with one hand without tight grasping, pinching, or twisting of the wrist in violation of ADAAG 4.19.5, 4.27.4.

29. Some restroom doors have a door pressure that exceeds 5# in violation of ADAAG 4.13.11.

30. There is not a clear floor space at least 48" wide by 66" long between toilets, lavatories and stall walls in violation of ADDAAG 4.16.2.

31. There is no unobstructed turning space (a 60" diameter circle or T- shaped space) in the restroom. Clear floor space of fixtures, controls, accessible route and turning space may overlap in violation of ADAAG 4.22.3.

32. Mirrors that are provided, have the bottom edge of the reflecting surface at 43" in violation of ADAAG 4.22.6, 4.19.6.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA and FAC violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC .

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent

have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Deerwood Village Mall to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,
Barbra R. Joyner, Esq., Of Counsel
Thomas B. Bacon, P.A.
1470 E. Michigan St.
Orlando, FL 32806
Email: bjoyneresq@aol.com
Phone: (407) 481-7997
Fax: (407) 481-7986
Florida Bar. Id. No. 141348

By: /s/ Barbra R. Joyner, Esq.
    Barbra R. Joyner, Esq.

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328'
Email: tbb@thomasbaconlaw.com
Phone: (954) 478-7811
Fax: (954) 237-1990
Florida Bar. Id. No. 139262
By: /s/ Thomas B. Bacon, Esq.
    Thomas B. Bacon, Esq.