UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

NORMAN HOEWISCHER, individually, :
:
       Plaintiff, :
v. :
: Case No. 3:11-cv-00342-HWM-TEM
DEERWOOD VILLAGE MALL, LLC, a Florida :
limited liability company, :
:
       Defendant. :
_____/ :

## AMENDED COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, NORMAN HOEWISCHER, individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, DEERWOOD VILLAGE MALL, LLC, a Florida limited liability company, (sometimes referred to as "Defendant"), for Injunctive Relief and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff is a Florida resident, lives in Duval County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is bound to ambulate in a wheelchair.

2. Defendant's property, Deerwood Village Mall, 9846 Baymeadows Rd., Jacksonville, FL 32256, is located in the County of Duval.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety.  These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC .  Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and  accommodations at Defendant's property equal to that afforded to other individuals.  Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Deerwood Village Mall, 9846 Baymeadows Rd., Jacksonville, FL 32256.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Deerwood Village Mall not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Deerwood Village Mall has shown that violations exist. Expert Tom Ricci's inspection conducted in August, 2011 shows that these specific violations exist in the named, occupied units:

**Dunkin Donuts**

Where the requirement is that at least 5% of dining surfaces provided in the entire facility are required to be accessible, the seating in the facility does not have proper knee clearance of at least 19", preventing the person with a disability to pull all the way under the table in violation of ADAAG 5.1, 4.1.3.18, 4.32.2 and 4.32.4.

The door to the restroom has a door pressure that exceeds 5# which makes it difficult to open the door in violation of ADAAG 4.13.11.

The urinal does not have an elongated rim more that 17" in violation of ADAAG 4.22.5 and 4.23.5. Plaintiff uses the urinal and with it at 24" cannot use it properly since the chair is at 17 inches.

The toilet paper holder is mounted beyond 36" which makes it awkward for the plaintiff when he uses the toilet.

The coat hook is mounted above the reach range in violation of ADAAG 4.3 and 213.3.7 of the 2010 standards of ADAAG

**India Cuisine**

The accessible route throughout the facility is less than 36" in violation of ADAAG 4.3.

The accessible route to the accessible restrooms is not at least 36" wide in violation of ADAAG 4.3.3.

When open 90 degrees, the toilet room door opening width is not 32" clear from the stile to the face of the door in violation of ADAAG 4.13.5.

The door swings in and the door hardware handles, pulls, latches, locks and other operating devices on the restroom door do not have a shape that is easy to grasp with one hand and that do not require tight grasping, tight pinching, or twisting of the wrist to operate. Hardware for accessible door passage shall be mounted no higher than 48" above the finished floor. The hardware is in violation of ADAAG 4.13.9.

There is no unobstructed turning space (A 60" diameter circle or T- shaped space) in the toilet/bath room. The clear floor space of fixtures and controls, the accessible route and the turning space may overlap in violation of ADAAG 4.22.3.

The doors are not automatic or power assisted and do not have the maneuvering space or relative direction per Figure 25 and in violation of ADAAG 4.13.6.

The flush controls are not mounted on the wide side of the toilet where the clear floor space is provided in violation of ADAAG 4.16.5 and 4.27.4.

The mirrors that are provided have a bottom edge of the reflecting surface at 42". They can be no higher than 40" from the floor per ADAAG 4.22.6 and 4.19.6.

Neither side nor rear grab bar are installed; the side grab bar should be 42" long and mounted a maximum 12" from the back wall or a minimum of 54" to the front side of the grab bar. The rear grab bar should be thirty-six inches long (36") and should be mounted not horizontal between 33 - 36" above finish floor. Both of these items are requirements of ADAAG 4.17.6 or Figure 29.

The lavatories provided do not meet the requirements ADAAG 4.19.2.

The toe and knee clearance of the lavatory does not comply with ADAAG Figure 31.

There is not clear floor space at least 30" x 48" in front of the lavatory allowing for a forward approach in violation of ADAAG 4.19.3 and 4.2.4.

The hot water pipes and drain pipes are not insulated or otherwise configured to protect against contact in violation of ADAAG 4.19.4.

The faucet cannot be operated with one hand without tight grasping, pinching, or twisting of the wrist in violation of ADAAG 4.19.5 and 4.27.4.

The paper towel holder is too high in violation of ADAAG 4.2.

**Tijuana Flats Burrito Company**

Where the requirement is that at least 5% of dining surfaces provided in the entire facility are required to be accessible, the seating in the facility does not have proper knee clearance of at least 19", preventing the person with a disability to pull all the way under the table in violation of ADAAG 5.1, 4.1.3.18, 4.32.2 and 4.32.4.

The side grab bar, should be 42" long and mounted a maximum 12" from the back wall (which it is not) or a minimum of 54" to the front side of the grab bar, it is 51 inches. In violation of the requirements of ADAAG 4.17.6 or Figure 29

The faucet cannot be operated with one hand without tight grasping, pinching, or twisting of the wrist in violation of ADAAG 4.19.5 and 4.27.4.

The paper towel holder is too high in violation of ADAAG 4.2.

The mirrors that are provided have a bottom edge of the reflecting surface at 42". They can be no higher than 40" from the floor per ADAAG 4.22.6 and 4.19.6.

The door to the restroom has a door pressure that exceeds 5# which makes it difficult to open the door in violation of ADAAG 4.13.11.

Where food or drink is served at counters exceeding 34" (865 mm) in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60" (1525 mm) in length minimum is not provided in violation of ADAAG 4.32.

Where counter service is provided, there is not at least a 60" wide portion of the main counter no more than 34" high w/ knee space of 27" high. Service is not available at accessible tables within the same area in violation of ADAAG 5.2 and 4.32.

The facility has a cash register provided on the site for sales and service. The register is on a counter that is higher than 36 inches in violation of ADAAG 7.2.

### **Mandaloun's**

Where the requirement is that at least 5% of dining surfaces provided in the entire facility are required to be accessible, the seating in the facility does not have proper knee clearance of at least 19", preventing the person with a disability to pull all the way under the table in violation of ADAAG 5.1, 4.1.3.18, 4.32.2 and 4.32.4.

Toilet facilities are provided on a site; common use toilet facilities do not comply with ADAAG 4.22.

### **Coffee Grinder**

The entrance door hardware is flat. This panel-type handle is not accessible because it requires the user to tightly grasp the handle to pull the door open in violation of ADAAG 4.13.

Where counter service is provided, there is not at least a 60" wide portion of the main counter no more than 34" high w/ knee space of 27" high; also, no service is available at accessible tables within the same area in violation of ADAAG 5.2 and 4.32.

The facility has a cash register provided on the site for sales and service. The register is on a counter that is higher than 36 inches in violation of ADAAG 7.2.

The doors to the toilet room when open do not clear 90 degrees and the opening width is not 32" clear from the stile to the face of the door in violation of ADAAG 4.13.5

There is no unobstructed turning space (A 60" diameter circle or T- shaped space), in the toilet/bath room. The clear floor space of fixtures and controls, the accessible route and the turning space may overlap in violation of ADAAG 4.22.3.

The toilet is too far off the wall in violation of ADAAG 4.16.

The mirrors that are provided have a bottom edge of the reflecting surface at 42". They can be no higher than 40" from the floor per ADAAG 4.22.6 and 4.19.6.

Neither side nor rear grab bar are not installed in the restrooms. The side grab bar should be 42" long and mounted a maximum of 12" from the back wall or a minimum of 54" to the front side of the grab bar. The rear grab bar should be 36" long and should be mounted not horizontal between 33" - 36" above finish floor. Both these items are requirements of ADAAG 4.17.6 and Figure 29.

The lavatories provided do not meet the requirements of ADAAG 4.19.2.

The toe and knee clearance of the lavatory do not comply with ADAAG Figure 31.

The hot water pipes and drain pipes are not insulated or otherwise configured to protect against contact in violation of ADAAG 4.19.4.

**Quick Chinese**

The entrance door hardware is flat. This panel-type handle is not accessible because it requires the user to tightly grasp the handle to pull the door open in violation of ADAAG 4.13.

The facility has a cash register provided on the site for sales and service. The register is on a counter that is higher than 36 inches in violation of ADAAG 7.2.

Where the requirement is that at least 5% of dining surfaces provided in the entire facility are required to be accessible, the seating in the facility does not have proper knee clearance of at least 19", preventing the person with a disability to pull all the way under the table in violation of ADAAG 5.1, 4.1.3.18, 4.32.2 and 4.32.4.

Hardware is round and not easily graspable without twisting of the wrist in violation of ADAAG 4.13.

There is no unobstructed turning space (A 60" diameter circle or T- shaped space) in the toilet/bath room. The clear floor space of fixtures and controls, the accessible route and the turning space may overlap in violation of ADAAG 4.22.3.

The doors are not automatic or power assisted and do not have the maneuvering space relative direction per Figure 25 and in violation of ADAAG 4.13.6.

The flush controls are not mounted on the wide side of the toilet where the clear floor space is provided in violation of ADAAG 4.16.5 and 4.27.4.

The mirrors that are provided have the bottom edge of the reflecting surface at 42". They can be no higher than 40" from the floor per ADAAG 4.22.6 and 4.19.6.

The lavatories provided do not meet the requirements of ADAAG 4.19.2.

The toe and knee clearance of the lavatory do not comply with ADAAG Figure 31.

The hot water pipes and drain pipes are not insulated or otherwise configured to protect against contact in violation of ADAAG 4.19.4.

The faucet cannot be operated with one hand without tight grasping, pinching, or twisting

of the wrist in violation of ADAAG 4.19.5 and 4.27.4.

The paper towel holder is too high in violation of ADAAG 4.2.

The water closet is too far from the wall in violation of ADAAG 4.16.

**Lemon Grass Restaurant, Inc.**

There is no unobstructed turning space (A 60" diameter circle or T- shaped space), in the toilet/bath room. The clear floor space of fixtures and controls, the accessible route and the turning space may overlap in violation of ADAAG 4.22.3.

Where the requirement is that at least 5% of dining surfaces provided in the entire facility are required to be accessible, the seating in the facility does not have proper knee clearance of at least 19", preventing the person with a disability to pull all the way under the table in violation of ADAAG 5.1, 4.1.3.18, 4.32.2 and 4.32.4.

The coat hook is mounted above the reach range in violation of ADAAG 4.3 or 213.3.7 of the 2010 standards of ADAAG.

The flush controls are not mounted on the wide side of the toilet where the clear floor space is provided in violation of ADAAG 4.16.5 and 4.27.4.

The toilet paper holder is mounted more than 36" from the floor which makes it awkward for the plaintiff when he uses the toilet.

The paper towel holder is too high in violation of ADAAG 4.2.

The facility has a cash register provided on the site for sales and service which is on a counter that is higher than 36" in violation of ADAAG 7.2.

The mirrors that are provided have a bottom edge of the reflecting surface at 42". They can be no higher than 40" from the floor per ADAAG 4.22.6 and 4.19.6.

The toilet compartment door is farther than 58" from the toilet wall in violation of ADAAG 4.17.

The door to the restroom has a door pressure that exceeds 5# which makes it difficult to open the door in violation of ADAAG 4.13.11.

The accessible route throughout the facility is less than 36" in violation of ADAAG 4.3.

**Bowl of PHO**

The coat hook is mounted above the reach range in violation of ADAAG 4.2.3 or 213.3.7 of

the 2010 standards of ADAAG.

The paper towel holder is blocking the clear floor space next to the toilet in violation of ADAAG 4.17.

The toilet compartment door is farther than 58" from the toilet wall as required by ADAAG 4.17.

The door to the restroom has a door pressure that exceeds 5# which makes it difficult to open the door in violation of ADAAG 4.13.11.

**Subway**

The mirrors that are provided have a bottom edge of the reflecting surface at 42". Such mirrors can be no higher than 40" from the floor per ADAAG 4.22.6 and 4.19.6.

**Deerwood Deli and Restaurant**

The entrance door hardware is flat. This panel-type handle is not accessible because it requires the user to tightly grasp the handle to pull the door open in violation of ADAAG 4.13.

The facility has a cash register provided on the site for sales and service. The register is on a counter that is higher than 36" in violation of ADAAG 7.2.

Where the requirement is that at least 5% of dining surfaces provided in the entire facility are required to be accessible, the seating in the facility does not have proper knee clearance of at least 19", preventing the person with a disability to pull all the way under the table in violation of ADAAG 5.1, 4.1.3.18, 4.32.2 and 4.32.4.

The entrance door when opened will not open a full 90 degrees restricting the door clearance below 32" clear in violation of ADAAG 4.13.5.

The minimum space between two hinged or pivoted doors in series is not 48" (1220 mm) plus the width of any door swinging into the space in violation of the ADAAG.

Where counter service is provided, there is not at least a 60" wide portion of the main counter no more than 34" high w/ knee space of 27" high; also, no service is available at accessible tables within the same area in violation of ADAAG 5.2 and 4.32.

Hardware is round and not easily graspable without twisting of the wrist in violation of ADAAG 4.13.

There is no unobstructed turning space (A 60" diameter circle or T- shaped space) in the toilet/bath room. The clear floor space of fixtures and controls, the accessible route and the

turning space may overlap in violation of ADAAG 4.22.3.

The stall is less than the prescribed 59" deep by 60" wide in violation of ADAAG 4.16 and Figure 30.

The doors are not automatic or power assisted and do not have the maneuvering space or relative direction per fig. 25 in violation of ADAAG 4.13.6.

The flush controls are not mounted on the wide side of the toilet where the clear floor space is provided in violation of ADAAG 4.16.5 and 4.27.4.

The mirrors that are provided have the bottom edge of the reflecting surface at 42".  Mirrors can be no higher than 40"  from the floor per ADAAG 4.22.6 and 4.19.6.

The lavatories provided do not meet the requirements ADAAG 4.19.2.

The toe and knee clearance of the lavatory do not comply with ADAAG Figure 31.  The faucet cannot be  operated with one hand without tight grasping, pinching, or twisting of the wrist in violation of ADAAG 4.19.5 and 4.27.4.

The paper towel holder is too high in violation of ADAAG 4.2.

The water closet is to far from the wall in violation of ADAAG 4.16.

The water closet does not have a height of between 17 - 19" in violation of ADAAG 4.16.3.

**CiCi's Pizza**

The entrance door hardware is flat.   Such panel-type handle is not accessible because it requires the user to tightly grasp the handle to pull the door open in violation of ADAAG 4.13.

The facility has a cash register provided on the site for sales and service which is on a counter that is higher than 36" in violation of ADAAG 7.2.

Where the requirement is that at least 5% of  dining surfaces provided in the entire facility are required to be  accessible, the seating in the facility does not have proper knee clearance of at least 19", preventing the person with a disability to pull all the way under the table in violation of ADAAG 5.1, 4.1.3.18, 4.32.2 and 4.32.4.

The door to the restroom has pressure that exceeds 5# which makes it difficult to open the door in violation of ADAAG 4.13.11.

There is a  lavatory in the 60" x 59" stall which encroaches into the clear floor space of the water closet in violation of ADAAG 4.17.3 Figure 30a.

   The paper towel holder is blocking the clear floor space next to the toilet in violation of ADAAG 4.17.

   The toilet paper holder is beyond 36 inches which makes it of awkward for plaintiff when he uses the toilet.

11.  The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA and FAC violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC .

12.  Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are

necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff

Injunctive Relief, including an order to require the Defendant to alter Deerwood Village Mall to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.  The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

        Respectfully Submitted,
        Barbra R. Joyner, Esq., Of Counsel
        Thomas B. Bacon, P.A.
        1470 E. Michigan St.
        Orlando, FL  32806
        Email:  bjoyneresq@aol.com
        Phone: (407) 481-7997
        Fax: (407) 481-7986
        Florida Bar. Id. No. 141348

        By: /s/ Barbra R. Joyner, Esq.
            Barbra R. Joyner, Esq.

        Thomas B. Bacon, Esq.
        Thomas B. Bacon, P.A.
        4868 S.W. 103rd Ave.
        Cooper City, FL  33328'
        Email: tbb@thomasbaconlaw.com
        Phone: (954) 478-7811
        Fax: (954) 237-1990
        Florida Bar. Id. No. 139262
        By: /s/ Thomas B. Bacon, Esq.
            Thomas B. Bacon, Esq.


<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on October 4, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:


        Barbra R. Joyner, Esq., Of Counsel
        Thomas B. Bacon, P.A.
        1470 E. Michigan St.
        Orlando, FL  32806
        Email:  bjoyneresq@aol.com
        Phone: (407) 481-7997
        Fax: (407) 481-7986
        Florida Bar. Id. No. 141348
        By: /s/ Barbra R. Joyner, Esq.
            Barbra R. Joyner, Esq.