UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER, individually,
    Plaintiff,

vs.    CASE NO. 3:11-cv-342-J-12TEM

DEERWOOD VILLAGE MALL, LLC,
a Florida limited liability company

    Defendant.
_____

# REPORT AND RECOMMENDATION[1]

This matter has been referred to the undersigned for issuance of a Report and Recommendation regarding appropriate resolution of Defendant's Second Motion for Involuntary Dismissal (Doc. #64), filed January 12, 2012.

## I. Background

This is an action for injunctive relief and attorney's fees pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC"). Plaintiff filed a complaint on April 11, 2011, alleging barriers to access exist at Defendant's property, Deerwood Village Mall (Doc. #1).

On July 26, 2011, Plaintiff filed a Motion to Compel Compliance with Rule 34 Notice of Entry upon Land (Doc. #22). A telephonic hearing on the motion was held August 8, 2011. Plaintiff sought an order compelling Defendants under Federal Rule of Civil

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Procedure 34 to submit to an inspection of Defendant's property for ADA violations. Defendant sought to limit Plaintiff's inspection to the portions of the premises which are open to the public and which caused Plaintiff injury in fact.

The property in question, the Deerwood Village Mall, is a shopping plaza that contains forty different units rented out to various tenants, including a fitness club, a dance studio, a yoga studio, a beauty salon, an animal clinic, a tailor, a learning center, and several restaurants and shops, among other establishments. The plaza also contains several vacant tenant spaces. Plaintiffs argued they were entitled to inspect all of Defendant's property for ADA compliance.

On August 9, 2011, the Court granted Plaintiff's motion to compel in part and denied it in part (Doc. #30). The Court ordered Plaintiff could conduct inspection of all common areas open to the public, but not vacant tenant spaces. The Court ordered Plaintiff could only inspect for barriers related to mobility (as Plaintiff is in a wheelchair). The Court furthered ordered, "Plaintiff may not conduct inspection of interior tenant spaces unless and until Plaintiff amends his complaint to specify which establishments on Defendant's property caused him injury in fact, unless the parties are otherwise able to agree upon which tenant spaces may be subject to inspection." Pursuant to the Case Management Scheduling Order, issued on July 1, 2011, amended pleadings were to be filed no later than August 19, 2011 (*See* Docs. #17 & 18).

On August 12, 2011, Plaintiff's expert Thomas J. Ricci conducted an inspection of the subject property. On September 12, 2011, Plaintiff served Defendant with Mr. Ricci's final expert report dated August 14, 2011, and an amended report dated February 20,

2011.[2] The final expert report, which notes the date of inspection as August 12, 2011, details violations related to parking and exterior walkways. The amended report, which notes the date of inspection as February 20, 2011, details non-compliance with regards to the interior spaces of several establishments in the Deerwood Village Mall.

On October 4, 2011, without seeking leave of the Court, Plaintiff filed an Amended Complaint (Doc. #35). The Amended Complaint completely omits barriers to the parking lot which were set forth in the original Complaint, and adds "specific violations" pursuant to "[e]xpert Tom Ricci's inspection conducted in August, 2011.'"

On October 14, 2011, Defendant filed a Motion for Involuntary Dismissal (Doc. #37). Defendant alleged Plaintiff's filing an amended complaint, without seeking leave of the Court, violated the Case Management Scheduling Order. Defendant also alleged Plaintiff had conducted inspection into interior tenant spaces after the Court issued its order prohibiting such inspection. In response to the motion to dismiss, Plaintiff averred he filed the amended complaint to comply with the August 9, 2011 Court Order, and apologized to the Court for misinterpreting the Order if Plaintiff should have requested an enlargement of time prior to filing (Doc #47). Plaintiff also averred no inspection of interior tenant spaces occurred after the Court's Order. The undersigned held a hearing on the motion to dismiss and other pending matters on December 7, 2011. At the hearing, Plaintiff's counsel averred Plaintiff's expert, Mr. Ricci, had not conducted an inspection of interior tenant spaces and all references to interior violations in the Amended Complaint stemmed from

---

[2] The final report dated August 14, 2011 notes the dates of inspection as January 20, 2011 and August 12, 2011. Plaintiff averred the first inspection actually occurred on January 20, 2011, not February 20, 2011, and the date on the amended report is a scrivener's error.

Mr. Ricci's report from his initial inspection of the property conducted on January 20, 2011, prior to the Court's order prohibiting interior inspection.

After the hearing, the Court issued an order striking the Amended Complaint and granting Plaintiff leave to file an appropriate motion to amend in compliance with Rules 16(b) and 15(a) (Doc. #52). On December 12, 2011, Plaintiff filed a motion for leave to file an amended complaint (Doc. #54). The Court granted the motion on December 13, 2011 and ordered the parties to submit a new Case Management Report (Doc. #56). Plaintiff filed his Amended Complaint on December 14, 2011 (Doc. #57). Based upon the filing of the Amended Complaint, the Court found Defendant's motion to dismiss (Doc. #37) to be moot on December 15, 2011 (Doc. #58).

On January 12, 2012, Defendant filed its second motion for involuntary dismissal (Doc. #64). Plaintiff failed to timely respond to the motion. Plaintiff filed a response to the motion to dismiss (Doc. #71) after the Court issued an Order to Show Cause (Doc. #70). The undersigned held an in-person hearing on March 7, 2012.[3]

## II. Discussion

Defendant moves for involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b), alleging once again that Plaintiff violated the Court's August 9, 2011 Order prohibiting interior inspection of the subject property. Defendant argues the Amended Complaint contains the following allegation: "A preliminary inspection of Deerwood Village Mall has shown that violations exist. Expert Tom Ricci's *inspection*

---

[3] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

4

*conducted in August, 2011* shows that these specific violations exist in the named, occupied units . . ." (Doc. #57, Amended Complaint, at 5) (emphasis added). The Amended Complaint details violations found inside eleven establishments of the Deerwood Village Mall. Defendant argues the Amended Complaint itself thus states interior inspection of the property occurred in August 2011, after the Court's order prohibiting such inspection. Defendant also points to Mr. Ricci's invoice, which reflects Mr. Ricci billed Plaintiff for 7.5 hours on August 12, 2011 for, *inter alia*, "attended inspection *review interior and exterior facilities*, including all common areas" (Doc. #64-2) (emphasis added). Defendant submitted the affidavit of its property manager, Charles Schoephoerster, who stated he did not accompany Mr. Ricci during his inspection, as he was not advised that Mr. Ricci was on the premises until 1:49 p.m. and Mr. Ricci left at 2:45 p.m.

At the hearing, Plaintiff's counsel once again represented to the Court that no interior inspection occurred on August 12, 2011. Plaintiff averred the Amended Complaint referred only to the August inspection because Mr. Ricci's August report incorporated by reference the initial inspection from January 20, 2011. Plaintiff also averred Mr. Ricci was not on Defendant's property for 7.5 hours on August 12, and the invoice reflects billing for other work done on that date. In response to the Court's inquiry, Defendant averred no tenants complained of Mr. Ricci conducting inspection inside the premises.

Dismissal with prejudice "is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies, Ltd. v.*

5

*M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal citations and quotations omitted).

Based upon the representations made at the hearing and summarized herein, the undersigned finds dismissal is not warranted under the circumstances. The undersigned accepts the explanation offered by Plaintiff's counsel, and finds the evidence cited by Defendant, that is alleged to show violation of the Court's order, reflects sloppy record keeping and an inaccurate statement in the Amended Complaint[4] rather than a clear pattern of willful contempt of the Court's order prohibiting interior inspection. Furthermore, there is no evidence that Plaintiff himself, as opposed to his counsel or his expert, is culpable in the alleged violation.

Accordingly, the undersigned hereby respectfully **RECOMMENDS** Defendant's Second Motion for Involuntary Dismissal (Doc. #64) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida this 9th day of March, 2012.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to: All Counsel of Record

---

[4] At the hearing, Plaintiff's counsel averred she intends to file a motion to amend the complaint to accurately reflect the dates of inspection.